# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | |
|---|---|
| BRIAN JOSE MORALES GARCIA, | Case No.: ___1:26-cv-01155___ |
| *Plaintiff,* | **COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF, DAMAGES, AND OTHER RELIEF** |
| v. | |
| MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; TODD LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; RODNEY S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Protection; ICE/CBP OFFICER DOES 1-10, in their personal and official capacities; TEXAS DEPARTMENT OF PUBLIC SAFETY OFFICER DOES 1-10, in their individual capacities; and GILLESPIE COUNTY SHERIFF DEPUTY 1-10, in their individual capacities. | **DEMAND FOR JURY TRIAL** |
| *Defendants.* | |

Pursuant to 28 U.S.C. §§ 1331, 1343(a), and 2201-02; 42 U.S.C. § 1983; and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), Plaintiff alleges as follows:

## INTRODUCTION

1. This case arises from the unlawful detention and deportation of Brian Jose Morales Garcia, a 25-year-old United States citizen born in Denver, Colorado, who was living and working lawfully in Austin, Texas when Texas Department of Public Safety officers, Gillespie County Sheriff's deputies and agents of the United States government stopped him without suspicion of a

1

crime, arrested him without probable cause, ignored his repeated assertions of U.S. citizenship, coerced a false confession from him under threat of imprisonment, and deported him to Mexico on April 7, 2026.

2.     On April 3, 2026, a Texas Department of Public Safety trooper stopped a pickup truck near Fredericksburg, Texas for an alleged window tint violation. Plaintiff Brian Jose Morales Garcia García was a passenger. Because he did not have identification on his person at the time of the stop — his birth certificate and Social Security card were at his Austin home — local officers called immigration authorities. U.S. Border Patrol agents took custody of Plaintiff despite his immediate and repeated assertion that he was a U.S. citizen born in Denver, Colorado.

3.     Rather than affording Plaintiff the most basic due process — such as allowing him to retrieve his documents from his Austin home, or making any genuine effort to verify his citizenship claim — the officers accused him of lying, threatened him with extended detention, and subjected him to days of detention across separate facilities before coercing him into signing deportation papers. He was placed on a plane and removed to Mexico on April 7, 2026.

4.     Plaintiff possesses a United States birth certificate showing he was born in Denver, Colorado; a United States Social Security card and baptismal records that confirm his Colorado birth. These documents were available and accessible. Defendants chose not to inspect or verify them.

5.     Defendant's conduct violated Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. It also violated his fundamental right as a United States citizen to remain in and return to his own country. The government's conduct was reckless, deliberately indifferent to Plaintiff's clearly established rights, and reflects a

documented pattern of immigration enforcement that results in the racial profiling of Hispanic individuals, including United States citizens.

6.    Plaintiff now seeks declaratory relief establishing his United States citizenship and the unlawfulness of his deportation; a temporary restraining order, preliminary and permanent injunctions permitting him to immediately re-enter the United States using his birth certificate and prohibiting Defendants from deporting him again based on the same unlawful determination; and compensatory and punitive damages for the constitutional violations he has suffered.

7.    Plaintiff does not have a United States passport. He would have had ample opportunity and reason to obtain one but for his wrongful deportation. The government cannot now use the absence of a passport — a direct consequence of its own unlawful conduct — as a barrier to Plaintiff's return to his own country.

## JURISDICTION AND VENUE

8.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. §§ 2201-02 (Declaratory Judgment Act) and under the statutes cited herein.

9.    Plaintiff's action for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202, as well as by Rules 57 and 65 of the Federal Rules of Civil Procedure and the equitable powers of federal courts.

10.    Jurisdiction for Plaintiff's claim for costs and attorneys' fees is based, in part, upon Fed. R. Civ. P. 54, 28 U.S.C. § 2412, and 42 U.S.C. § 1988.

11.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (e) because (1) a substantial part of the events giving rise to this action occurred in the Western District of Texas,

including Plaintiff's stop and arrest near Fredericksburg, Texas, (2) Plaintiff's residence in Austin, Texas, and (3) Plaintiff's detention was at facilities within or proximate to this district.

## PARTIES

### *Plaintiff*

12.     Plaintiff BRIAN JOSE MORALES GARCIA is a 25-year-old United States citizen, born in Denver, Colorado. At the time of his arrest on April 3, 2026, Plaintiff was residing and working in Austin, Texas, where he was employed installing air conditioning units. He is presently in Mexico as a direct result of his unconstitutional and unlawful deportation by Defendants. Plaintiff brings this action in his individual capacity.

### *Defendants*

13.     Defendant MARKWAYNE MULLIN is the Secretary of the U.S. Department of Homeland Security and is responsible for the administration of the immigration laws pursuant to 8 U.S.C. § 1103. He is sued in his official capacity only.

14.     Defendant TODD LYONS is the Acting Director of U.S. Immigration and Customs Enforcement ("ICE") and is responsible for ICE's policies, practices, and procedures, including those relating to the arrest, detention, and removal of individuals. He is sued in his official capacity only.

15.     Defendant RODNEY S. SCOTT is the Commissioner of U.S. Customs and Border Protection ("CBP") and is responsible for CBP's policies, practices, and procedures, including those governing the apprehension and processing of individuals at and near ports of entry. He is sued in his official capacity only.

16.     Defendants ICE/CBP OFFICER DOES 1-10 are unknown ICE and CBP officers, agents, officials, and/or contractors who participated in the stop, arrest, detention, interrogation,

coercion, and deportation of Plaintiff. Their true names, titles, capacities, and degree of responsibility are presently unknown to Plaintiff. Plaintiff will amend this Complaint to identify these defendants when their identities are ascertained. They are sued in their individual capacities. Whichever have the authority to re-admit Plaintiff into the United States are sued in their official capacity as well.

17.     Defendants TEXAS DEPARTMENT OF PUBLIC SAFETY OFFICER DOES 1-10 are unknown Texas Department of Public Safety officers, agents, officials, and/or contractors who participated in the stop, arrest, detention, interrogation, coercion, and/or deportation of Plaintiff. Their true names, titles, capacities, and degree of responsibility are presently unknown to Plaintiff. Plaintiff will amend this Complaint to identify these defendants when their identities are ascertained. They are sued in their individual capacities.

18.     Defendants GILLESPIE COUNTY SHERIFF DEPUTY 1-10 are unknown Gillespie County Sheriff officers, agents, officials, and/or contractors who participated in the stop, arrest, detention, interrogation, coercion, and deportation of Plaintiff. Their true names, titles, capacities, and degree of responsibility are presently unknown to Plaintiff. Plaintiff will amend this Complaint to identify these defendants when their identities are ascertained. They are sued in their individual capacities.

## FACTS

### *Brian Jose Morales García Is a United States Citizen Born in Denver, Colorado*

19.     Plaintiff Brian Jose Morales Garcia was born in Denver, Colorado. Plaintiff's birth was registered with the State of Colorado. He was issued a United States birth certificate by the State of Colorado reflecting his birth in Denver. *See* Exhibit A.

20.     Plaintiff has a United States Social Security number. He possesses a Social Security card issued by the United States Social Security Administration. *See* Exhibit B.

21.     Plaintiff also possesses baptismal records from the archdiocese in Colorado that similarly confirm his U.S. birth. *See* Exhibit C.

22.     This Complaint and accompanying request for relief is also supported by the sworn declaration of Plaintiff and the translation certification therewith.  *See* Exhibit D.

23.     Colorado is one of the United States.

24.     Persons born in the state of Colorado are United States Citizens under U.S law and the Fourteenth Amendment to the United States Constitution.

25.     Plaintiff is a Citizen of the United States.

26.     Plaintiff lives in Austin, Texas, where he found employment installing air conditioning units until he was removed from his country.

### *The April 3, 2026 Traffic Stop and Plaintiff's Arrest*

27.     On April 3, 2026, Plaintiff was a passenger in a pickup truck being driven by his employer near Fredericksburg, Texas.

28.     A Texas Department of Public Safety trooper stopped the vehicle, allegedly for a window tint violation.

29.     Plaintiff did not have identification on his person at the time of the stop. His birth certificate and Social Security card were at his Austin residence.

30.     The DPS trooper called Gillespie County Sheriff's deputies and officers from the Fredericksburg Police Department to assist with translation because Plaintiff speaks Spanish but not English.

31.     Officers then contacted ICE agents, who instructed them to hold Plaintiff and another passenger in the vehicle.

32.     From the outset, Plaintiff told the officers and ICE agents that he was a United States citizen, that he had been born in Denver, Colorado, and that his birth certificate and Social Security card were at his Austin home. He asked to be allowed to retrieve or produce those documents to confirm his citizenship.

33.     Each of the individual defendants intentionally, recklessly and arbitrarily rejected these assertions, without evidence and without reasonable investigation of the veracity.

34.     Rather than taking any steps to verify Plaintiff's citizenship claim, Defendants' agents refused his request and booked him into the Gillespie County Jail.

### ICE's Coercive Interrogation and Plaintiff's Involuntary "Admission"

35.     After being booked at Gillespie County Jail, Plaintiff was transferred to U.S. Border Patrol custody. Over the course of approximately four days, he was transferred through different detention facilities.

36.     Throughout his detention, Plaintiff maintained that he was a United States citizen. He told agents at every step that is a citizen of the United States and that he had his original birth certificate and original Social Security card were stored at his Austin home.

37.     Family and friends of Plaintiffs attempted to deliver these original documents to Defendants and were refused.

38.     Defendants' agents responded to Plaintiff's assertions of U.S. citizenship by accusing him of lying and threatening him with imprisonment if he maintained that he is a United States Citizen and continued to claim that his presence into the country was lawful.

39.     Under direct threat of criminal prosecution and imprisonment, Plaintiff ultimately told agents what they demanded to hear: that he was a Mexican national who had entered the country illegally. He has stated unequivocally that this statement was false and was made only because of the agents' coercion.

40.     Any statement or admission made by Plaintiff under these circumstances — under direct threat of imprisonment by agents of the United States government, while detained and without counsel — is involuntary, constitutionally invalid, and obtained in violation of Plaintiff's Fifth Amendment rights.  Such coercion cannot serve as a lawful basis for Plaintiff's removal.

41.     The U.S. Department of Homeland Security has publicly stated that its agents "determined Morales-Garcia was illegally in the U.S. through record checks" and that Plaintiff "admitted he is a Mexican national and he entered the country illegally." *See* https://www.texastribune.org/2026/04/23/texas-united-states-citizen-deported-ice-detention-brian-morales/. DHS did not respond when asked about Plaintiff's U.S. birth certificate and Social Security card.  DHS has subsequently affirmed its position to another media outlet. *See* https://www.statesman.com/news/local/article/austin-man-deported-ice-us-citizenship-claim-22224533.php.

### Plaintiff's Wrongful Deportation

42.     After days of detention, Plaintiff — fearing prolonged detention lasting months that would keep him from his pregnant wife and young daughter — signed documents agreeing to a rapid deportation. Plaintiff signed these documents not because he agreed with their content, but because the Defendants refused to consider the overwhelming evidence of his United States citizenship, the unreasonable conditions of his detention and the law officers' threats made against him left him with no meaningful choice.

43.     Any purported consent to deportation obtained under these circumstances — from a United States citizen who was never meaningfully informed of his right to contest removal, never advised of his right to counsel, who was held without counsel, and who had been subjected to coercive interrogation — is legally void and cannot constitute a waiver of Plaintiff's constitutional rights, his citizenship or his right to remain in the United States.

44.     Plaintiff was deported to Mexico on April 7, 2026, four days after his arrest at the traffic stop. He is presently in Mexico and wishes to return to the United States, his right as a citizen of the United States.

45.     DHS media statements make clear that it stands on its unsupported position that Plaintiff is not a United States citizen.  Should Plaintiff attempt re-entry, without court order, he risks rejection, further detention, prosecution for criminal offenses related to the attempt to enter and further abuse of his rights.

### *Plaintiff Has No Passport Through No Fault of His Own*

46.     Plaintiff does not possess an original United States passport in Mexico where Defendants shipped him.

47.     Plaintiff had not planned to leave the United States and therefore had no reason to obtain a passport. The absence of a passport is a direct and proximate consequence of Defendants' unlawful conduct. Defendants cannot now use that absence — a harm of their own creation — to further exclude Plaintiff from his own country.

48.     Requiring Plaintiff to obtain a United States passport as a condition of re-entry would require him to engage in a consular process of uncertain duration and outcome, would compound the irreparable harm already inflicted upon him, and would impermissibly allow the government to benefit from its own constitutional wrongs.

*Racial Profiling and the Pattern of Wrongful Detention of U.S. Citizens*

49.      Plaintiff's arrest and deportation occurred against a backdrop of aggressive immigration enforcement that has resulted in the repeated wrongful detention and removal of United States citizens. A 2021 report by the U.S. Government Accountability Office found that immigration agents arrested 674, detained 121, and removed 70 potential U.S. citizens between 2015 and 2020. *See* https://www.gao.gov/assets/gao-21-487.pdf. A recent investigation found that more than 170 U.S. citizens were detained by immigration agents in the first nine months of the current administration alone. *See* https://www.propublica.org/article/immigration-dhs-american-citizens-arrested-detained-against-will.

## REQUIREMENTS FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION

*Likelihood of Success on the Merits*

50.      Plaintiff is substantially likely to succeed on the merits of this action. He possesses an original United States birth certificate, an original Social Security card, and baptismal records each of which confirms his status as a United States citizen by birth. These documents were available and accessible at the time of his detention and were refused and/or ignored by Defendants. No legitimate government interest justifies the deportation of a United States citizen, and none existed here.

*Irreparable Harm*

51.      Plaintiff is suffering irreparable harm each day he remains outside the United States as a result of Defendants' unlawful conduct. He has been separated from his employment, his community, and the country of his birth and citizenship. The deprivation of a United States citizen's right to reside in and return to his own country is irreparable in nature and cannot be adequately

10

compensated by money damages alone. Every additional day Plaintiff is excluded from the United States compounds this irreparable harm.

52.     Absent injunctive relief, Plaintiff faces the prospect that upon attempting to re-enter the United States — his right as a citizen — he will be refused, again be detained, interrogated, and potentially subjected to the same constitutional violations that led to his initial deportation, as the prior coerced "admission" remains in government records and could be used against him.

## *Balance of Equities*

53.     The balance of equities strongly favors Plaintiff. Allowing a United States citizen to return to his own country from which he was wrongly deported imposes no cognizable burden on Defendants. In contrast, Plaintiff suffers severe, ongoing, and daily harm from his continued exclusion. The government suffers no cognizable harm from complying with the Constitution.

## *Public Interest*

54.     The public interest strongly favors the issuance of injunctive relief. The public has a compelling interest in ensuring that the United States government does not deport its own citizens and does not use coerced statements to justify constitutional violations. If the federal Defendants' conduct is not immediately remedied, every U.S. citizen is at jeopardy of coerced removal while the government ignores clear evidence of citizenship.  The public also has a strong interest in ensuring that United States citizens are not barred from re-entering their own country by procedural requirements that exist only because of the government's own unlawful conduct.

11

## CAUSES OF ACTION

## COUNT 1

*Violation of the Fourth Amendment — Unreasonable Seizure*
*Basis for Declaratory Relief, Injunction and Bivens Action for Damages*
*(Against Defendants Mullins, Lyons, Scott and ICE/CBP Officer Does 1-10)*

55. Plaintiff incorporates by reference all paragraphs in this Complaint as if fully set forth herein.

56. This claim official action claim is brought against the federal defendant agency heads Mullins, Lyons, Scott and individual federal Doe Defendants with authority to facilitate Plaintiff's re-entry into the United States. These defendants are sued in their official capacities only.

57. Defendants ICE/CBP Officer Does 1-10 who seized, arrested, and detained Plaintiff intentionally and knowingly, without probable cause to believe Plaintiff had committed any offense or was unlawfully present in the United States, and detained him on reckless, arbitrary and intentionally obstinate suspicion of being a noncitizen are sued in their individual capacities for damages under a *Bivens* claim.

58. Plaintiff is a United States citizen. As a United States citizen, he has an absolute right to be present in the United States and could not lawfully be subjected to immigration detention and deportation.

59. There was no reasonable suspicion nor probable cause to support stop, seizure, arrest or detention of Plaintiff.

60. Defendants' seizure of Plaintiff was unreasonable under the Fourth Amendment to the United States Constitution. Plaintiff repeatedly informed Defendants' agents that he was a United States citizen and that his citizenship documents were at his Austin home. Defendants'

agents made no genuine effort to verify his citizenship claim and instead detained him based on his apparent ethnicity and inability to speak English.

61.    Defendants ICE/CBP Officer Does 1-10 acted under color of federal law and acted or purported to act in the performance of their official duties.

62.    These Defendants' conduct violated clearly established constitutional rights of which they knew, or of which a reasonable public official should have known.

63.    As a direct and proximate result of Defendants' unlawful actions, Plaintiff suffered damages including violation of his constitutional rights, damages stemming from his wrongful deportation, loss of liberty, emotional distress, lost wages, and other damages to be proven at trial.

64.    These violations are compensable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) for which plaintiff seeks judgment against those federal defendants sued in their individual capacities only.

65.    Plaintiff seeks injunctive relief, as described herein, against the defendants sued hereunder in their official capacities.

## COUNT 2

*Violation of the Fifth Amendment — Deprivation of Liberty Without Due Process*
*Basis for Declaratory Relief, Injunction and Bivens Action for Damages*
*(Against Defendants Mullins, Lyons, Scott and ICE/CBP Officer Does 1-10)*

66.    Plaintiff incorporates by reference all paragraphs in this Complaint as if fully set forth herein.

67.    This official action claim is brought against the federal defendant agency heads Mullins, Lyons, Scott and individual federal Doe Defendants with authority to facilitate Plaintiff's re-entry into the United States.  These defendants are sued in their official capacities only.

68.     Defendants ICE/CBP Officer Does 1-10 who seized, arrested, and detained Plaintiff intentionally and knowingly, without probable cause to believe Plaintiff had committed any offense or was unlawfully present in the United States, and detained him on reckless, arbitrary and obstinate suspicion of being a noncitizen are sued in their individual capacities for damages under a *Bivens* claim. These Defendants deported Plaintiffs without procedural or substantive due process of law, without lawful authority, and in a manner that was fundamentally unfair in the totality of the circumstances, in violation of Plaintiff's rights under the Fifth Amendment to the United States Constitution.

69.     Defendants deprived Plaintiff of his liberty and caused him to be deported without any reasonable basis, without affording him an opportunity to produce or retrieve his citizenship documents, without reasonable review of those documents, without access to counsel, and based in material part on a coerced statement obtained under threat of criminal prosecution and other harms.

70.     The conduct of Defendants' agents — threatening a United States citizen with imprisonment to coerce a false admission of illegal entry, then using that coerced admission to justify his deportation — shocks the conscience and constitutes an abuse of government authority that violates substantive due process under the Fifth Amendment.

71.     Defendants ICE/CBP Officer Does 1-10 acted under color of federal law and acted or purported to act in the performance of their official duties.

72.     These Defendants' conduct violated clearly established constitutional rights of which they knew, or of which a reasonable public official should have known.

73.    These Defendants' actions were intentional and reckless and demonstrate callous disregard for, or deliberate indifference to, Plaintiff's personal safety, security, freedom, liberty and civil and constitutional rights.

74.    As a direct and proximate result of Defendants' unlawful actions, Plaintiff suffered damages including violation of his constitutional rights, damages stemming from his wrongful deportation, loss of liberty, emotional distress, lost wages, and other damages to be proven at trial.

75.    These violations are compensable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) for which plaintiff seeks judgment against those federal defendants sued in their individual capacities only.

76.    Plaintiff seeks injunctive relief, as described herein, against the defendants sued hereunder in their official capacities.

## COUNT 3

*Violation of the Fifth Amendment — Coerced Statement*
*Basis for Declaratory Relief, Injunction and Bivens Action for Damages*
*(Against Defendants Mullins, Lyons, Scott and ICE/CBP Officer Does 1-10)*

77.    Plaintiff incorporates by reference all paragraphs in this Complaint as if fully set forth herein.

78.    This official action claim is brought against the federal defendant agency heads Mullins, Lyons, Scott and individual federal Doe Defendants with authority to facilitate Plaintiff's re-entry into the United States.  These defendants are sued in their official capacities only.

79.    Defendants ICE/CBP Officer Does 1-10 who violated Plaintiff's Fifth Amendment rights by threatening him with criminal prosecution and imprisonment if he did not admit to being a Mexican national who had entered the United States illegally are sued in their individual capacities for damages under a *Bivens* claim.

15

80.     Defendants' agents made these threats deliberately and with knowledge that Plaintiff had repeatedly asserted his United States citizenship and that no lawful basis for his detention existed.

81.     The coerced statement obtained by Defendants' agents was then used as the purported legal basis for Plaintiff's detention and deportation, compounding the constitutional violations.

82.     As a direct and proximate result of Defendants' unlawful actions, Plaintiff suffered damages including violation of his constitutional rights, damages stemming from his wrongful deportation, loss of liberty, emotional distress, lost wages, and other damages to be proven at trial.

83.     These violations are compensable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) for which plaintiff seeks judgment against those federal defendants sued in their individual capacities only.

84.     Plaintiff seeks injunctive relief, as described herein, against the defendants sued hereunder in their official capacities.

### COUNT 4

*Violation of the Fifth Amendment — Right to Re-Enter the United States as a Citizen*
*Basis for Declaratory Relief, Injunction and Bivens Action for Damages*
*(Against Defendants Mullins, Lyons, Scott and ICE/CBP Officer Does 1-10)*

85.     Plaintiff incorporates by reference all paragraphs in this Complaint as if fully set forth herein.

86.     This official action claim is brought against the federal defendant agency heads Mullins, Lyons, Scott and individual federal Doe Defendants with authority to facilitate Plaintiff's re-entry into the United States.  These defendants are sued in their official capacities only.

16

87.     Defendants ICE/CBP Officer Does 1-10 who deported and refuse Plaintiff's re-entry to the United States are sued in their individual capacities for damages under a *Bivens* claim.

88.     The right of a United States citizen to enter and remain in the United States is among the most fundamental rights secured by the Constitution. *Chin Yow v. U.S.*, 208 U.S. 8, 13 (1908); *Ng Fung Ho v. White*, 259 U.S. 276, 284 (1922). A United States citizen cannot lawfully be banished from his own country.

89.     Plaintiff is a United States citizen. Defendants' continued exclusion of Plaintiff from the United States — predicated on an unlawful deportation, a coerced statement, and a refusal to credit his documented citizenship — constitutes an ongoing deprivation of Plaintiff's most fundamental constitutional right without due process of law, in violation of the Fifth Amendment.

90.     Plaintiff seeks a declaratory judgment that he is entitled as a matter of constitutional right to re-enter the United States, injunctive relief requiring Defendants to permit him to do so using his birth certificate as proof of citizenship without requiring a United States passport, and a permanent injunction prohibiting Defendants from again removing, deporting, or excluding Plaintiff from the United States on the basis of the unlawful determination previously made or any determination not made upon a full and fair hearing with adequate process.

91.     Defendants ICE/CBP Officer Does 1-10 acted under color of federal law and acted or purported to act in the performance of their official duties.

92.     These Defendants' conduct violated clearly established constitutional rights of which they knew, or of which a reasonable public official should have known.

93.     As a direct and proximate result of Defendants' unlawful actions, Plaintiff suffered damages including violation of his constitutional rights, damages stemming from his wrongful deportation, loss of liberty, emotional distress, lost wages, and other damages to be proven at trial.

94.    These violations are compensable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) for which plaintiff seeks judgment against those federal defendants sued in their individual capacities only.

95.    Plaintiff seeks injunctive relief, as described herein, against the defendants sued hereunder in their official capacities.

**COUNT 5**

*42 U.S.C. § 1983*
*Violation of Fourteenth Amendment*
*Basis for Declaratory Relief and Damages*
*(Against Defendants TEXAS DEPARTMENT OF PUBLIC SAFETY OFFICER DOES 1-10 and GILLESPIE COUNTY SHERIFF DEPUTY 1-10)*

96.    Plaintiff incorporates by reference all paragraphs in this Complaint as if fully set forth herein.

97.    Defendants Texas Department of Public Safety Trooper Doe 1-10 and Gillespie County Sheriff Deputy Doe 1-10 who stopped, seized, arrested, and detained Plaintiff intentionally and knowingly, without probable cause to believe Plaintiff had committed any offense or was unlawfully present in the United States, and detained him on reckless, arbitrary and intentionally obstinate suspicion of being a noncitizen are sued in their individual capacities for damages under a 1983 claim.

98.    These Defendants are sued for their actions, under color of law, causing the Fourth and Fifth Amendment violations described above which are fully incorporated herein for all purposes. Fourth and Fifth Amendments is enforceable against state and local official conduct pursuant to the Fourteenth Amendment and applicable authorities of the United States Supreme Court.

99.    Defendants are further sued under the Fourteenth Amendment for their actions that deprived Plaintiff of the rights, benefits, emoluments and liberty of his U.S. citizenship as granted him by the Amendment.

100.    Plaintiff is a United States citizen. As a United States citizen, he had an absolute right to be present in the United States and could not lawfully be subjected to immigration detention.

101.    Furthermore, he could not lawfully be stopped, detained or arrested without reasonable suspicion, probable cause, and/or a properly issued warrant.

102.    There was no reasonable suspicion nor probable cause to support seizure, arrest or detention of Plaintiff.

103.    Defendants' seizure of Plaintiff was unreasonable under the United States Constitution. Plaintiff repeatedly informed Defendants that he was a United States citizen and that his citizenship documents were at his Austin home. Defendants made no genuine effort to verify his citizenship claim and instead detained him based on his apparent ethnicity and inability to speak English.

104.    Defendants acted under color of federal law and acted or purported to act in the performance of their official duties.

105.    These Defendants' conduct violated clearly established constitutional rights of which they knew, or of which a reasonable public official should have known.

106.    As a direct and proximate result of Defendants' unlawful actions, Plaintiff suffered damages including violation of his constitutional rights, damages stemming from his wrongful stop, arrest, detention, incarceration, deportation, loss of liberty, emotional distress, lost wages, and other damages to be proven at trial.

107.    These violations are compensable under 42 U.S.C. § 1983 for which plaintiff seeks judgment against the defendants sued in their individual capacities only.

## JURY DEMAND

108.    Plaintiff demands a jury trial for all issues to which he is entitled.

## REQUESTED RELIEF

Plaintiff respectfully requests that this Court:

a) Issue a temporary restraining order, pending hearing on the preliminary injunction, ordering Defendants and their agents, officers, employees, and all persons acting in concert with them, to permit Plaintiff to immediately re-enter the United States at any port of entry using his United States birth certificate as proof of citizenship, without requiring a United States passport, and without detaining, arresting, or otherwise impeding his entry;

b) Issue a preliminary injunction, pending final resolution of this action, ordering Defendants and their agents, officers, employees, and all persons acting in concert with them to: (i) permit Plaintiff to re-enter and remain in the United States; (ii) refrain from detaining, arresting, or initiating any removal proceedings against Plaintiff based upon the coerced statements, unlawful determination, or any prior deportation order arising from the events described herein; and (iii) treat Plaintiff's United States birth certificate as valid proof of his citizenship for purposes of entry;

c) Issue a permanent injunction prohibiting Defendants and their agents, officers, employees, and all persons acting in concert with them from deporting, removing, banishing, or otherwise excluding Plaintiff from the United States on the basis that he is not a United States citizen, or on any basis arising from the events described in this Complaint, without first affording Plaintiff a full and fair hearing with adequate due process protections;

d) Enter a declaratory judgment declaring that Plaintiff Brian Jose Morales Garcia is a national and citizen of the United States;

e) Enter a declaratory judgment that Plaintiff's detention and deportation on and after April 3, 2026 violated the United States Constitution as alleged herein;

f) Enter a declaratory judgment that any statement or admission made by Plaintiff during his detention was obtained through unconstitutional coercion, is legally void, and cannot serve as a basis for any immigration or criminal proceeding against him;

g) Award nominal damages against the Defendants sued in their individual capacities for the constitutional violations described herein;

h) Award Plaintiff compensatory damages against the Defendants sued in their individual capacities in an amount to be proven at trial for the constitutional violations described herein;

i) Award Plaintiff punitive damages against the Defendants sued in their individual capacities in an amount to be proven at trial for the constitutional violations described herein and in an amount sufficient to deter similar conduct in the future;

j) Award Plaintiff his court costs, litigation expenses and reasonable attorneys' fees;

k) Retain jurisdiction to ensure compliance with all orders entered herein; and

l) Grant such other and further relief as the Court may deem just and proper.

Dated: May 1, 2026

Respectfully submitted,

BRAZIL & DUNN

 */s/ Chad W. Dunn*
Chad W. Dunn
Texas Bar No. 24036507
1900 Pearl Street
Austin, Texas 78705
Telephone: (512) 717-9822

Facsimile: (512) 515-9355
chad@brazilanddunn.com

K. Scott Brazil
State Bar No. 02934050
13231 Champion Forest Drive, Suite 406
Houston, Texas 77069
Telephone: (281) 580-6310
Facsimile: (281) 580-6362
scott@brazilanddunn.com

Dicky Grigg
Law Office of Dicky Grigg, PC
State Bar No. 08487500
1900 Pearl Street
Austin, TX 78705
(512) 474-6061
dicky@grigg-law.com
mel@grigg-law.com

Kath Lincoln-Goldfinch
State Bar No. 24058613
Lincoln Goldfinch Law
4417 Westlake Drive
Austin, TX 78746
(512) 599-8500
kate@lincolngoldfinch.com

*Attorneys for Plaintiff*

22

**DECLARATION OF KATE LINCOLN-GOLDFINCH**

I, Kate Lincoln-Goldfinch, am over the age of eighteen and am fully competent to make this declaration. I am an attorney for the Plaintiff in this case, and I have personal knowledge of the facts stated herein and declare the following to be true and correct:

1. My name is Kate Lincoln-Goldfinch. I am over the age of 18 and fully competent to make this affidavit. The facts stated herein are true and correct and are based on my personal knowledge.

2. I am the custodian of the originals attached to Plaintiff's Complaint as Exhibits A, B and C. The originals are in my possession and available for inspection by the Court and Defendants by order or reasonable arrangement.

3. Exhibits A, B, and C to the Complaint filed contemporaneously herewith are true and correct digital copies of the originals that are in my possession.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing declaration is true and correct.

Executed in Austin, Texas on April 28, 2026.

_____
KATE LINCOLN-GOLDFINCH

# CERTIFICATE OF TRANSLATION

I, CHRISTINA M. TISDALE, am competent to translate from English to Spanish and vice-versa, and certify that COMPLAINT FOR DECLARATORY, INJUNCTIVE, DAMAGES, AND OTHER RELIEF / DEMAND FOR JURY TRIAL was translated both verbally and in writing to Brian Jose Morales Garcia. I affirm that it is true and accurate to the best of my abilities.

_____                Date: ___04/30/2026___

**Christina M. Tisdale**
**Bachelor of Arts in Foreign Language, Concentration: Spanish Language**
Address: C/O Lincoln Goldfinch Law, PLLC
1005 E 40th ST, Austin, TX 78751
Phone: (512) 599-8500
Email: christina.tisdale@lincolngoldfinch.com

JACKSONVILLE • STATE • UNIVERSITY

By the authority of the Board of Trustees
Upon the recommendation of the faculty
the degree of
**Bachelor of Arts**
With all the accompanying rights and privileges
Has been conferred upon
**Christina Marie Hardin**
In Testimony Whereof, this Diploma is issued with the seal of the University and the signatures authorized by the Trustees hereunto affixed.
Given on this the Thirteenth day of December 2013