IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

BRIAN JOSE MORALES GARCIA,

     *Plaintiff,*

v.

MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; TODD LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; RODNEY S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Protection; ICE/CBP OFFICER DOES 1-10, in their personal and official capacities; TEXAS DEPARTMENT OF PUBLIC SAFETY OFFICER DOES 1-10, in their individual capacities; and GILLESPIE COUNTY SHERIFF DEPUTY 1-10, in their individual capacities.

     *Defendants.*

Civil Case No. __1:26-cv-01155__

## ORDER GRANTING PRELIMINARY INJUNCTION

The Court has reviewed Plaintiffs' Motion for Preliminary Injunctive pursuant to Rule 65 of the Federal Rules of Civil Procedure along with the Complaint and attached sworn evidence. The federal Defendants named in this suit, in their official capacities, are the United States Secretary of Homeland Security, the Acting Director of U.S. Immigration and Customs Enforcement, the Commissioner of the U.S. Customs and Border Protection and ICE/CBP OFFICER DOES 1-10 whomever have the authority to re-admit Plaintiff into the United States (collectively, the "Defendants"). ECF No. 1.

Brian Jose Morales Garcia ("Brian Morales") is a native of the United States. Plaintiffs

1

contend that his removal violated numerous provisions of the United States Constitution.

Based on the record before the Court, I find that this Court retains subject matter jurisdiction. I further find that: (1) Plaintiff is likely to succeed on the merits because Brian Morales is a citizen of the United States, (2) his removal was a violation of the Constitution, (3) the unconstitutional removal of Morales, for obvious reasons, constitutes irreparable harm; (4) the balance of equities and the public interest weigh in favor of allowing his return to the United States, and (5) issuance of a preliminary injunction without further delay is necessary to restore him to the status quo and to avoid ongoing irreparable harm resulting from Brian Morales' unlawful removal. For the reasons stated above, the Court hereby DIRECTS these named Defendants to permit Brian Morales to re-enter the United States upon his presentation at the border between the United States and Mexico and refrain from further detaining, arresting or questioning him absent further order of this Court.

Accordingly, it is this _____ day of _____, 2026, by the United States District Court for the Western District of Texas, hereby ORDERED that:

1.    Plaintiffs' Motion for Preliminary Injunctive relief, is GRANTED;

2.    Defendants are hereby ORDERED to permit Brian Morales to return to the United States at an appropriate crossing on the border between the United States and Mexico, without the necessity to present a passport.  Morales will be met at the border by one of his attorneys herein, who will present his original birth certificate and identify him;

3.    This preliminary relief is hereby issued to restore the status quo and to preserve Brian Morales's access to his constitutional rights including citizenship and due process in accordance with the Constitution and federal law;

4.    Bond is hereby set at $500.00.

2

5.      The Clerk is DIRECTED to TRANSMIT copies of this Order to the parties.


                        _____
                        PRESIDING JUDGE