**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **BRIAN JOSE MORALES GARCIA,** *Plaintiff*, | § | |
| **v.** | § | |
| **MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; TODD LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; RODNEY S. SCOTT, in his official capacity as Commissioners, U.S. Customs and Border Protection; ICE/CBP OFFICER DOES 1-10, in their personal and official capacities; TEXAS DEPARTMENT OF PUBLIC SAFETY OFFICER DOES 1-10, in their individual capacities; and GILLESPIE COUNTY SHERIFF DEPUTY 1-10, in their individual capacities,** ***Defendants*.** | § | **CASE NO. 1:26-CV-01155-RP** |

**DEFENDANTS GILLESPIE COUNTY SHERIFF DEPUTY 1-10'S**
**RULES 12(b)(4) AND 12(b)(5) MOTION TO QUASH SERVICE**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE ROBERT PITMAN:

Pursuant to Rules 12(b)(4)–(5) of the Federal Rules of Civil Procedure, and without making an appearance, Defendants Gillespie County Sheriff's Deputies 1-10 ("GCSO Doe Deputies") file this Motion to Quash Service, moving the Court to enter an Order quashing the defective service on the GCSO Doe Deputies, Texas and dismissing Plaintiff's Complaint.

## I.
## INTRODUCTION

1. On May 1, 2026, Plaintiff Brian Jose Morales Garcia ("Plaintiff") filed this lawsuit in the United States District Court for the Western District of Texas, Austin Division.

2. As defendants in this action Plaintiff named ten "doe defendants" by joining "Gillespie County Sheriff Deputy 1-10, in their individual capacities."

3. Summons was issued on May 7, 2026, to "Gillespie County Sheriff Deputy 1-10, in the individual capacities." Plaintiff filed a Return of Service on May 28, 2026, which purports to reflect that the GCSO Doe Deputies were personally served on "Chief Deputy Bryan Phzzdps"[1] on May 7, 2026.[2]

## II.
## ARGUMENTS AND AUTHORITIES

4. Under the plain terms of the Federal Rules of Civil Procedure and Texas statutory law, Plaintiff's attempt to effectuate service on the GCSO Doe Deputies is ineffective and must be quashed.

5. Rule 4(b) of the Federal Rules of Civil Procedure provides: "A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served." FED. R. CIV. P. 4(b).

6. Further, when serving an individual within the judicial district of the United States, "an individual…may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made…" FED. R. CIV. P. 4(e).

7. In Texas, citation [summons] must be "directed to the defendant." TEX. R. CIV. P. 99(b). Further, it "must be served by: (1) delivering to the defendant, in person,…" TEX. R. CIV. P. 106(a)(1).

[1] In fact, the Chief Deputy for the Gillespie County Sheriff's Office is actually Bryan Phillips.
[2] *See* Return of Service on the GCSO Doe Deputies, filed by Plaintiff and attached hereto as Exhibit A.

8. Here, Plaintiff attempted to effectuate service on the unnamed GCSO Doe Deputies by personally serving the Gillespie County Sheriff's Office Chief Deputy (whose name was incorrectly identified in the return of service) (*see* Exhibit A). Accordingly, Plaintiff's attempt at service on the GCSO Doe Deputies is defective.

9. Under Rule 106(a)(1) of the Texas Rules of Civil Procedure, the summons must be personally served on the defendant. *See* TEX. R. CIV. P. 107(c). GCSO Chief Deputy Bryan Phillips is not a defendant in this action and any attempt at service upon him in an attempt to serve the GCSO Doe Deputies is defective.

10. Moreover, defective service of process can cause a court to lack personal jurisdiction over a defendant. *See Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001); *see also Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir. 1988).

11. The appropriate means for Plaintiff to proceed in obtaining service against "Doe defendants" is by seeking discovery and obtaining the names of the Doe defendants and then naming those persons as defendants in the case and perfecting personal service on the named defendants.

12. Without knowing the names of the actual officers against whom Plaintiff seeks to bring claims, its impossible for counsel to file answers on their behalf. Federal Rule of Civil Procedure 8(b) requires that, with regard to every allegation in a live complaint, a defendant's answer admit, deny, or state he/she lacks sufficient knowledge or information to admit or deny each allegation. Without knowing the identification of the persons for whom the answer is being filed, counsel cannot admit, deny, or state he/she lacks information or knowledge sufficient to form a belief as to each allegation in a plaintiff's live complaint.

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Gillespie County Sheriff Deputies 1-10, without appearing in this lawsuit, respectfully requests that the Court enter an order quashing the defective service on the GCSO Doe Deputies pursuant to Federal Rule of Civil Procedure 12(b)(4)–(5).

Respectfully submitted,

**MICHAEL BEST & FRIEDRICH LLP**
515 Congress Avenue, Suite 2500
Austin, Texas 78701
512.320.0601 (telephone)
512.640.3170 (telecopier)
michael.shaunessy@michaelbest.com
julie.denny@michaelbest.com

By: *<u>/s/ Michael Shaunessy</u>*
MICHAEL SHAUNESSY
State Bar No. 18134550

***Attorneys for Defendants Gillespie County Sheriff Deputies 1-10***

## CERTIFICATE OF SERVICE

I hereby certify that, on the 29th day of May, 2026, I electronically filed with the Clerk of Court the foregoing document using the CM/ECF system and, further, that I provided service of such filing on the following party by certified mail, return receipt requested:

Chad W. Dunn
BRAZIL & DUNN
1900 Pearl Street
Austin, Texas 78705
chad@brazilanddunn.com
***Attorneys for Plaintiff Brian Jose Morales Garcia***

K. Scott Brazil
BRAZIL & DUNN
13231 Champion Forest Drive, Suite 406
Houston, Texas 77069
scott@brazilanddunn.com
***Attorneys for Plaintiff Brian Jose Morales Garcia***

Dicky Grigg
LAW OFFICE OF DICKY GRIGG, PC
1900 Pearl Street
Austin, Texas 78705
dicky@grigg-law.com
mel@grigg-law.com
***Attorneys for Plaintiff Brian Jose Morales Garcia***

Kath Lincoln-Goldfinch
LINCOLN GOLDFINCH LAW
4417 Westlake Drive
Austin, Texas 78746
kate@lincolngoldfinch.com
***Attorneys for Plaintiff Brian Jose Morales Garcia***

Landon A. Wade
ASSISTANT UNITED STATES ATTORNEY
U. S. ATTORNEY'S OFFICE
903 San Jacinto Boulevard, Suite 334
Austin, Texas 78701
landon.wade@usdoj.gov
***Attorneys for Defendants Markwayne Mullin, in his official capacity as Secretary, U.S. Department of Homeland Security; Todd Lyons, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; and Rodney S. Scott, in his official capacity as Commissioner, U.S. Customs and Border Protection***

Christina L. Playton
ASSISTANT UNITED STATES ATTORNEY
U. S. ATTORNEY'S OFFICE
601 Northwest Loop 410, Suite 600
San Antonio, Texas 78216
christina.playton@usdoj.gov
***Attorneys for Defendants Markwayne Mullin, in his official capacity as Secretary, U.S. Department of Homeland Security; Todd Lyons, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; and Rodney S. Scott, in his official capacity as Commissioner, U.S. Customs and Border Protection***

/s/ *Michael Shaunessy*
MICHAEL SHAUNESSY