**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| BRIAN MORALES,<br><br>*Plaintiff,*<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; TODD LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; RODNEY S. SCOTT, in his official capacity as Commissioner, U.S. Customs and Border Protection; ICE/CBP OFFICER DOES 1-10, in their personal and official capacities; TEXAS DEPARTMENT OF PUBLIC SAFETY OFFICER DOES 1-10, in their individual capacities; and GILLESPIE COUNTY SHERIFF DEPUTY 1-10, in their individual capacities.<br><br>*Defendants.* | Civil Case No. 1:26-CV-01155-RP |

**<u>RESPONSE TO MOTION TO QUASH</u>**

Plaintiff Brian Morales hereby files this Response to Defendants Gillespie County Sheriff Deputy 1-10'S Rules 12(b)(4) and 12(b)(5) Motion to Quash Service [Dkt. No. 19] and in support thereof would show the following:

1. As set forth in the Complaint [Dkt. No. 1] and evidence attached thereto, Plaintiff Brian Morales is a citizen of the United States. He was removed from his country of birth and coerced into deportation. Morales was deprived of his citizenship rights afforded him by the U.S. Constitution. As detailed in the Complaint, Gillespie County Sheriff Deputies were involved in these events.

2. Because Plaintiff Morales is unaware of the identities of those deputies, he named them as: Gillespie County Sheriff Deputy 1-10. This is common in these kinds of cases. *See e.g., Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971). Summons was issued and served [Dkts. 11 & 19].

3. Rather than identify the deputies involved, counsel for Gillespie County filed this Motion to Quash Service. The Motion cites to no authorities directly on point affirming quash of service in this kind of case, with these kind of named Defendants.

4. The "Fifth Circuit has observed that a [ ] plaintiff may be entitled to court-sanctioned discovery to identify John Doe defendants if his 'failure to identify the John Doe defendants [does not appear to be due to] contumaciousness or an attempt to delay the proceedings' and '[i]t is conceivable that' readily available documentation would reveal the identities of some of the John Doe defendants.'" *Homs v. City of Rockwall*, 2025 WL 3094788 (N.D. Tex. 2025) quoting *Cowart v. Dall. Cnty. Jail*, 439 F. App'x 332, 332-33 (5th Cir. 2011) (per curiam) (quoting *Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992). *See also, Green v. Doe,* 260 F. App'x 717, 719 (5th Cir. 2007) (per curiam) ("Although the use of a 'John Doe' is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants." (citing *Colle v. Brazos Cnty., Tex*., 981 F.2d 237, 243 n.20 (5th Cir. 1993)).

5. Plaintiff believes the Complaint properly identifies the Gillespie County Defendants insofar as Plaintiff does not know their identities and that service was properly effected under the procedures permitted by the authorities cited above.

6. Alternatively, the Court should hold the Motion to Quash in abeyance until discovery is open, Plaintiff can learn the deputy identities (through Rule 45 subpoenas if necessary) and then Plaintiff can amend the Complaint with the county deputy identities. Plaintiff

would expect that counsel for the county defendants would want to participate in discovery directed at other parties and non-parties not affiliated with Gillespie County which they would necessarily be excluded from if service is quashed. Apparently, not.

7. WHEREFORE, Plaintiff respectfully requests that this Court deny the Motion to Quash, or, in the alternative, hold it in abeyance until Plaintiff can conduct reasonable discovery to identify the unnamed officers and thereafter amend the complaint.

Dated: June 5, 2026

Respectfully submitted,

BRAZIL & DUNN

*/s/ Chad W. Dunn*

Chad W. Dunn
Texas Bar No. 24036507
1900 Pearl Street
Austin, Texas 78705
Telephone: (512) 717-9822
Facsimile: (512) 515-9355
chad@brazilanddunn.com

K. Scott Brazil
State Bar No. 02934050
13231 Champion Forest Drive, Suite 406
Houston, Texas 77069
Telephone: (281) 580-6310
Facsimile: (281) 580-6362
scott@brazilanddunn.com

Dicky Grigg
Law Office of Dicky Grigg, PC
State Bar No. 08487500
1900 Pearl Street
Austin, TX 78705
(512) 474-6061
dicky@grigg-law.com
mel@grigg-law.com

Kath Lincoln-Goldfinch
State Bar No. 24058613
Lincoln Goldfinch Law
4417 Westlake Drive
Austin, TX 78746
(512) 599-8500
kate@lincolngoldfinch.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 5th day of June, 2026, I electronically filed with the Clerk of this Court the foregoing document using the CM/ECF system and, further, that that system provided electronic notice to all counsel of record.

*/s/ Chad W. Dunn*
Chad W. Dunn