IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRIAN JOSE MORALES GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:26-CV-1155-RP |
| | § | |
| MARKWAYNE MULLIN, et al., | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court is Defendants Gillespie County Sheriff Deputy 1-10's Rules 12(b)(4) and 12(b)(5) Motion to Quash Service. (Mot., Dkt. 19). On May 7, 2026, Plaintiff Brian Jose Morales Garcia ("Plaintiff") purportedly served the unnamed Gillispie County Sheriff's Office ("GCSO") deputies (the "Doe Deputies") by serving Chief Deputy Bryan Phillips.[1] (Return of Service, Dkt. 18). "[W]ithout making an appearance," the unnamed GSCO deputies contend that this attempted service was defective, ask the Court to quash this defective service, and ask the Court to dismiss Plaintiff's claims against them. (Mot., Dkt. 19, at 1). They argue that the purported service was defective because the summons and complaint must be personally served on a defendant.[2] (*Id.* at 3). According to the Doe Deputies, the "appropriate means for Plaintiff to proceed in obtaining service against 'Doe defendants' is by seeking discovery and obtaining the names of the Doe defendants and then naming those persons as defendants in the case and perfecting personal service on the named defendants." (*Id.*).

Plaintiff responds that naming unknown officers as "Doe" officers is a common practice. (Resp., Dkt. 22, at 2) (citing *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971)). He argues that the motion to quash should be denied, as he "believes the Complaint properly identifies

---

[1] The Return of Service filed by Plaintiff incorrectly states that he served "Chief Deputy Bryan Phzzdps." (Return of Service, Dkt. 18).
[2] The motion also argues that counsel cannot accurately file answers on behalf of unknown officers. (*Id.*).

1

the Gillespie County Defendants insofar as Plaintiff does not know their identities and that service was properly effected." (*Id.*). Plaintiff also suggests that the Court should hold the Motion to Quash in abeyance until he can learn the Doe Deputies' identities through discovery. (*Id.*). The Doe Deputies again emphasize in their reply that the Court could dismiss Plaintiff's claims against them, but they also suggest that the Court could grant the Motion to Quash but not dismiss the Doe Deputies to allow Plaintiff time to conduct discovery. (Reply, Dkt. 24, at 2–3).

Though a plaintiff may file an action against unidentified defendants,[3] as Plaintiff did here, Plaintiff cannot properly *serve* "Doe defendants" such as the Doe Deputies while their identities remain unknown. *See Staritz v. Valdez*, No. 3-06-CV-1926-D, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007) ("Unless and until plaintiff is able to identify these guards, the court cannot direct service on the proper defendants."). The Court credits the representation of counsel for the Doe Deputies that they do not know the identity of the ten officers Plaintiff seeks to name. (*Id.* at 2).

On the other hand, given that "there is 'a reasonable prospect that [P]laintiff ultimately will be able to serve defendant properly,'" by conducting discovery and identifying the Doe Deputies, "the proper course of action is to quash service and permit [him] another opportunity to complete service rather than dismiss the case." *See Thomas v. New Leaders for New Schs.*, 278 F.R.D. 347, 352 (E.D. La. 2011) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1354 (3d ed. 2004)). The Court will therefore quash the process served on Chief Deputy Phillips but allow Plaintiff the opportunity to identify the Doe Deputies through discovery, amend his Complaint, and then properly effectuate service. *See Green*, 260 F. App'x at 719 (allowing the use of "John Doe" defendants to give a plaintiff the ability to identify unknown defendants through discovery).

---

[3] *See Green v. Doe*, 260 F. App'x 717, 719 (5th Cir. 2007) (per curiam) (citing *Colle v. Brazos County*, 981 F.2d 237, 243 n.20 (5th Cir. 1993)) ("Although the use of a 'John Doe' is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants.").

Accordingly, **IT IS ORDERED** that the Defendant Gillespie County Sheriff Deputy 1-10's Rules 12(b)(4) and 12(b)(5) Motion to Quash Service, (Dkt. 19), is **GRANTED IN PART**, such that the defective service on Chief Deputy Phillips is quashed; the Doe Deputies are not dismissed; and Plaintiff may amend his Complaint after identifying the Doe Deputies through discovery and then effectuate service.

**SIGNED** on June 17, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

3